# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

NOVARTIS AG and GENENTECH, INC.,

               *Plaintiffs*,

     v.

SHARx, LLC and CAMPBELL HEIGHTS PHARMACY LTD,

               *Defendants*.

Case No. 4:26-cv-10371

Hon. Shalina D. Kumar

# DEFENDANT CAMPBELL HEIGHTS PHARMACY LTD.'S
# MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Michael R. Turco (P48705)
Joshua Zeman (P80055)
Brooks Wilkins Sharkey & Turco PLLC
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
(248) 971-1713
turco@bwst-law.com
zeman@bwst-law.com

*Counsel for Defendant Campbell Heights Pharmacy Ltd.*


Claire Elizabeth Montgomery
David C. Van Dyke
Patrick M. McCarthy
Stephanie Sitto
Howard & Howard Attorneys PLLC
450 W. Fourth St.
Royal Oak, Michigan 48067
(248) 645-1483
cmontgomery@howardandhoward.com
dvd@h2law.com
pmccarthy@howardandhoward.com
sms@h2law.com

*Attorneys for Defendant SHARx, LLC*

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
Miller, Canfield, Paddock and Stone, PLC
840 W. Long Lake Rd., Ste. 150
Troy, Michigan 48098
(248) 267-3290
cranmer@millercanfield.com
allen@millercanfield.com
*Attorneys for Plaintiffs Genentech, Inc. and Novartis AG*

Khala James
(admissions application pending)
Covington & Burling LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105
(415) 591-6000
kjames@cov.com
*Attorneys for Plaintiff Genentech, Inc.*

Michael X. Imbroscio
Robert N. Hunziker
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
mimbroscio@cov.com
rhunziker@cov.com
*Attorneys for Plaintiff Genentech, Inc.*

Anna Kurian Shaw
(admissions application pending)
Carrie DeLone
(admissions application pending)
Lauren Cury
(admissions application pending)
Hadley Dreibelbis
(admissions application pending)
555 13th Street NW
Washington, DC 20004
(202) 637-5600
anna.shaw@hoganlovells.com
carrie.delone@hoganlovells.com
lauren.cury@hoganlovells.com
hadley.dreibelbis@hoganlovells.com
*Attorneys for Plaintiff Novartis AG*

## DEFENDANT CAMPBELL HEIGHTS PHARMACY LTD.'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Campbell Heights Pharmacy Ltd. hereby moves pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss the above-captioned action against it for lack of personal jurisdiction.

As set out in the accompanying brief in support of this motion, the Court does not have personal jurisdiction over Campbell Heights Pharmacy because the pharmacy is a Canadian entity and lacks the minimum contacts with Michigan necessary for the exercise of personal jurisdiction over a non-resident defendant. Pursuant to Local Rule 7.1(a), counsel for Campbell Heights Pharmacy certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.

WHEREFORE, Defendant Campbell Heights Pharmacy Ltd. respectfully requests that the Court grant this motion and dismiss Plaintiffs' action against it.

Dated: March 3, 2026

BROOKS WILKINS SHARKEY & TURCO PLLC

By: /s Michael R. Turco
    Michael R. Turco (P48705)
    401 South Old Woodward, Suite 400
    Birmingham, Michigan 48009
    (248) 971-1713
    turco@bwst-law.com
    *Counsel for Defendant Campbell*
    *Heights Pharmacy Ltd.*

**BRIEF IN SUPPORT OF**
**DEFENDANT CAMPBELL HEIGHTS PHARMACY LTD.'S**
**<u>MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

**ISSUES PRESENTED**

Have Plaintiffs met their burden to show that personal jurisdiction over

Defendant Campbell Heights Pharmacy Ltd. exists?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

- Federal Rule of Civil Procedure 12(b)(2)

- *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980)

- *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)

- *Walden v. Fiore*, 571 U.S. 277 (2014)

- *AlixPartners, LLP v. Brewington*, 836 F.3d 543 (6th Cir. 2016)

- *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*, 40 F.4th 432 (6th Cir. 2022)

- *Chittenden Trust Co. v. LaChance*, 464 F. Supp. 446 (D. Vt. 1978)

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................1

II. FACTUAL BACKGROUND ............................................................3

III. LEGAL STANDARD.......................................................................5

IV. ARGUMENT....................................................................................7

    A.     The Court Lacks Personal Jurisdiction Over A Non-Resident Defendant That Has Not Purposefully Availed Itself of the Privilege to Do Business in the State of Michigan................................................................................7

    B.     Campbell Heights Pharmacy Has Not Purposefully Availed Itself of the Privilege to Do Business in the State of Michigan.............................................10

    C.     Exercising Jurisdiction Is Constitutionally Unreasonable .........................17

V. CONCLUSION ...............................................................................19

i

# TABLE OF AUTHORITIES

**Cases**

*AlixPartners, LLP v. Brewington*,
  836 F.3d 543 (6th Cir. 2016) ..................................................................... 2, 7, 8, 9

*Bearry v. Beech Aircraft Corp.*,
  818 F.2d 370 (5th Cir. 1987) ..............................................................................14

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*,
  768 F.3d 499 (6th Cir. 2014) ................................................................................5

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*,
  582 U.S. 255 (2017) .........................................................................................6, 7

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) .......................................................................... 2, 9, 11, 17

*Calphalon Corp. v. Rowlette*,
  228 F.3d 718 (6th Cir. 2000) ..............................................................................14

*Cf. Kerry Steel, Inc. v. Paragon Indus., Inc.*,
  106 F.3d 147 (6th Cir. 1997) ..............................................................................11

*Cf. Winfield Collection, Ltd. v. McCauley*,
  105 F. Supp. 2d 746 (E.D. Mich. 2000) .............................................................11

*Chittenden Trust Co. v. LaChance*,
  464 F. Supp. 446 (D. Vt. 1978) ..........................................................................16

*Conn v. Zakharov*,
  667 F.3d 705 (6th Cir. 2012) ................................................................................7

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) .............................................................................................6

*Dalton v. R&W Marine, Inc.*,
  897 F.2d 1359 (5th Cir. 1990) ............................................................................14

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) .........................................................................................6, 7

*Green v. Wilson*,
  565 N.W.2d 813 (Mich. 1997) ..............................................................................8

*Hanson v. Denckla*,
  357 U.S. 235 (1958) ...........................................................................................10

*In re Impact Absorbent Techs., Inc.*,
  106 F.3d 400 (Table), 1996 WL 765327 (6th Cir. 1996) ...................................13

*Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*,
  3 F.4th 275 (6th Cir. 2021) ...................................................................................6

*International Shoe Co. v. State of Washington*,
  326 U.S. 310 (1945) ..................................................................................... 10, 17

*K & B Cap., LLC v. RDK Truck Sales & Servs., Inc.*,
  No. CIV.A. 5:05CV-17-R,
  2005 WL 1568176 (W.D. Ky. June 28, 2005) ....................................................12

*Khalaf v. Bankers & Shippers Ins. Co.*,
  273 N.W.2d 811 (1978)...................................................................................10

*LAK, Inc. v. Deer Creek Enterprises*,
  885 F.2d 1293 (6th Cir. 1989)........................................................................11

*Light Corp Inc v. GlobTek, Inc.*,
  No. 1:19-CV-574,
  2020 WL 12698018 (W.D. Mich. Aug. 28, 2020) ..............................................9

*Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog*,
  954 F.2d 1174 (6th Cir. 1992) ........................................................................8

*Miller v. AXA Winterthur Ins. Co.*,
  694 F.3d 675 (6th Cir.  2012).........................................................................14

*Neogen Corp. v. Neo Gen Screening, Inc.*,
  282 F.3d 883 (6th Cir. 2002) .........................................................................10

*Peters Broad. Eng'g, Inc. v. 24 Cap., LLC*,
  40 F.4th 432 (6th Cir. 2022)........................................................................5, 6

*S. Mach. Co. v. Mohasco Indus., Inc.*,
  401 F.2d 374 (6th Cir. 1968) ...........................................................................9

*Stuart v. Spademan*,
  772 F.2d 1185 (5th Cir. 1985)........................................................................14

*Sullivan v. LG Chem, Ltd.*,
  79 F.4th 651 (6th Cir. 2023) ...........................................................................8

*Theunissen v. Matthews*,
  935 F.2d 1454 (6th Cir. 1991) .........................................................................6

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................... passim

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ............................................................................... passim

# I.
# INTRODUCTION

The allegations concerning Campbell Heights Pharmacy are sparse. Plaintiffs Novartis and Genentech allege that personal jurisdiction exists over the Canadian pharmacy because it "conduct[s] business in this District."  Complaint ¶ 12, ECF No. 1, Page ID.4.  This conclusory claim is based on the allegation that the pharmacy "shipped . . . Canadian Xolair® medicine to patients or medical facilities in this District on at least three occasions over approximately the past year."  *Id.* ¶ 23, ECF No. 1, at PageID.6.  Far more is required to establish personal jurisdiction.

Plaintiffs do not allege facts to meet their burden – and they cannot do so, given the paucity of facts connecting Campbell Heights Pharmacy to Michigan. As explained below, and set forth in a supporting declaration, Campbell Heights Pharmacy is a single-location pharmacy based in British Columbia, Canada. Campbell Heights Pharmacy does no business in the State: it is not registered or licensed to do business here; it has no locations or personnel here; it has no staff or contractors making sales in Michigan; and it does not advertise in Michigan, market itself to Michigan residents, or direct any action at the Michigan market.

From its sole location in Canada, it received and filled the prescriptions of Xolair, it affixed labels, and it handed the medicine over to a common carrier for delivery to shipping addresses provided by the customers.  The medicine dispensed

in Canada was regulated and authorized to be sold in Canada based on the oversight of Health Canada, the federal ministry of health in Canada, which ensures medicine for sale in Canada is both safe and effective.  Campbell Heights Pharmacy complied with all applicable Canadian and British Columbia laws and regulations regarding the sourcing and safety of pharmaceutical products.

Under the venerable test for personal jurisdiction, a nonresident defendant such as Campbell Heights Pharmacy can be haled into court only where it has minimum contacts with the forum state such that maintaining the suit does not offend traditional notions of fair play and substantial justice.  *See AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016).  Due process mandates that "*the defendant's suit-related conduct* must create a substantial connection with the forum State*,*" *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added), and "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State."  *Id.* (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Campbell Heights Pharmacy does not have the minimum contacts necessary to establish personal jurisdiction over a nonresident defendant in Michigan.  Doing so would also be constitutionally unreasonable as it would "offend the traditional notions of fair play and substantial justice," *AlixPartners*, 836 F.3d at 549, under the Court's review of the relevant factors, which include the burden on the

2

defendant and the interest of the forum.  Here, there is a significant burden on a foreign defendant; moreover, Michigan has a very limited interest in this dispute, which does not involve any Michigan residents.  Granting personal jurisdiction under such circumstances would be constitutionally unreasonable.

Thus, Campbell Heights Pharmacy respectfully asks this Court to grant its motion to dismiss for lack of personal jurisdiction.

## II.
## FACTUAL BACKGROUND

Campbell Heights Pharmacy Ltd. is a limited company incorporated in British Columbia, Canada. Exhibit A, Declaration of Shawn Sandhu ("Sandhu Declaration") ¶ 3.  The pharmacy operates from a single location in Surrey, British Columbia under licensure by the College of Pharmacists of British Columbia.  *Id.* ¶ 4.  In doing so, Campbell Heights Pharmacy complies with all applicable Canadian and British Columbia laws and regulations, including with respect to the sourcing and safety of pharmaceutical products.  *Id.* ¶ 5.

Campbell Heights Pharmacy does not do business in Michigan.  *Id.* ¶ 6.  It is not registered or licensed to do business in Michigan.  *Id.*  It does not have locations or personnel in Michigan.  *Id.* ¶ 7.  It does not have staff or contractors responsible for making sales in Michigan.  *Id.* ¶ 8.  It does not advertise in Michigan, market itself to Michigan residents, or direct any action at the Michigan market.  *Id.* ¶ 9.  It has no ongoing business relationships with Michigan entities.  *Id.* ¶ 10.

As required by Canadian law, before a prescription from a U.S. prescriber can be filled, the prescription must be reviewed by a licensed Canadian physician, who decides whether to write a Canadian prescription. The Canadian prescription is then sent to the pharmacy. *Id.* ¶ 12.

With respect to the allegations regarding prescriptions of Xolair at issue in this litigation (in December 2024 and February 2025), the facts of Campbell Heights Pharmacy's involvement are simple. Campbell Heights Pharmacy received the prescriptions for Xolair and filled them in Canada. It did so by dispensing Xolair made by plaintiff Novartis and regulated and approved for distribution by Health Canada, the federal agency in Canada responsible for protecting public health by regulating medicines and ensuring that these products are safe, effective, and of high quality. *Id.* ¶ 13. The pharmacy affixed labels to the medicine and enclosed packing slips. *Id.* ¶ 14.[1] Once dispensed, the medicine was turned over to a common carrier for delivery to addresses provided by the customers. *Id.* ¶ 15.

Just like when a U.S. resident travels to Canada to fill prescriptions at Canadian pharmacies, when Campbell Heights Pharmacy fills a prescription for a U.S. customer, the transaction was complete and the medicine dispensed to the

---

[1] In February 2025, the pharmacy filled two separate prescriptions of Xolair for the same customer. *See* Exhibit 2 to Sandhu Declaration.

customer the moment the package was released to a common carrier.  The

medicine was purchased in Canada, and the customer was responsible for

importing the medicine to the United States.  In fact, each Campbell Heights

Pharmacy packing slip specifically included a "Patient Customs Statement," which

stated: "I hereby acknowledge, confirm, and certify that I am importing the

enclosed medications to the US, solely for personal use and up to a maximum of 3

months supply.  These medications are prescribed by the following Doctor(s): SEE

ATTACHED RX.  The prescribing Doctor(s) is/are responsible for my treatment

with regard to the enclosed medications(s)." *Id.* ¶ 14.

### III.
### LEGAL STANDARD

"The party seeking to establish the existence of personal jurisdiction bears

the burden to establish such jurisdiction over each defendant independently."

*Beydoun v. Wataniya Restaurants Holding, Q.S.C.*, 768 F.3d 499, 504 (6th Cir.

2014) (internal citations and quotations marks omitted).  "A motion to dismiss

under Rule 12(b)(2) involves burden shifting: after the plaintiff makes a prima

facie case for personal jurisdiction, which can be done merely through the

complaint, the burden shifts to the defendant." *Peters Broad. Eng'g, Inc. v. 24

Cap., LLC*, 40 F.4th 432, 437 (6th Cir. 2022) (internal quotation marks omitted).

"The defendant's motion to dismiss must be supported by evidence." *Id.*  "The

burden then shifts back to the plaintiff, 'who may no longer stand on his pleadings

but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* at 437-38 (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).  A court "must view the pleadings and affidavits in a light most favorable to the plaintiff and not weigh the controverting assertions of the party seeking dismissal." *Id.* at 438 (quoting *Ingram Barge Co., LLC v. Zen-Noh Grain Corp.*, 3 F.4th 275, 278 (6th Cir. 2021)).

Courts recognize two types of personal jurisdiction: general and specific. "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 262 (2017).  "But 'only a limited set of affiliations with a forum will render a defendant amenable to' general jurisdiction in that State." *Id.* (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

In contrast, specific jurisdiction requires "'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'

6

For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Id.* (alteration in original) (internal citation omitted) (quoting *Goodyear*, 564 U.S., at 919).

Because Campbell Heights Pharmacy cannot plausibly be considered to have the sort of continuous and systematic contacts necessary for the forum state to exercise general jurisdiction over a non-resident defendant, *see Conn v. Zakharov*, 667 F.3d 705, 713 (6th Cir. 2012), the arguments in this motion address the lack of specific jurisdiction.

## IV.
## ARGUMENT

**A.    The Court Lacks Personal Jurisdiction Over A Non-Resident Defendant That Has Not Purposefully Availed Itself of the Privilege to Do Business in the State of Michigan**

"When a federal court's subject-matter jurisdiction is based on a federal question," as it is here, *see* Complaint ¶ 19, PageID.6, "the court's exercise of personal jurisdiction must be both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016) (citing *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002)).  "Under Michigan's long-arm statute, the state's jurisdiction extends to the limits imposed by federal constitutional due process requirements and thus, the two questions become one." *Michigan Coal. of*

7

*Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992); *but see Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 664-66 (6th Cir. 2023) (recognizing that "there are instances in which Michigan's long-arm statute does not overlap with the Due Process Clause").[2]

To satisfy the Due Process Clause and permit "a nonresident defendant to be subject to personal jurisdiction, he must have 'certain minimum contacts [with the forum State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *AlixPartners*, 836 F.3d at 549 (alteration in original) (quoting *Walden*, 571 U.S. at 283). The "fundamental test in personal jurisdiction is whether 'the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court [in the forum state].'" *Griepentrog*, 954 F.2d at 1176 (alteration in original) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Due process also requires that "*the defendant's suit-related conduct* must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284 (emphasis

---

[2] The instances where there is no overlap are based on decisions of Michigan state courts subsequent to *Griepentrog*, but under Michigan's long-arm statute "[i]f a defendant's actions or status fit within a provision of a long-arm statute, jurisdiction may be extended as far as due process permits. The long-arm statute is coextensive with due process insofar as the statute is limited by due process, and, therefore, the statute and due process share the same *outer* boundary." *Sullivan*, 79 F.4th at 665 (emphasis in original) (quoting *Green v. Wilson*, 565 N.W.2d 813, 816 (Mich. 1997)).

added).  That is, "the relationship must arise out of contacts that the 'defendant

*himself*' creates with the forum State."  *Id.* (emphasis in original) (quoting *Burger*

*King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

In this Circuit, courts use a three-part test to determine whether the exercise

of personal jurisdiction over a nonresident defendant comports with constitutional

due process:

> First, the defendant must *purposefully avail* himself of the privilege of
> acting in the forum state or causing a consequence in the forum state.
> Second, the cause of action must arise from the defendant's activities
> there.  Finally, the acts of the defendant or consequences caused by the
> defendant must have a substantial enough connection with the forum
> state to make the exercise of jurisdiction over the defendant reasonable.

*AlixPartners*, 836 F.3d at 549–50 (emphasis in original) (quoting *S. Mach. Co. v.*

*Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

"Requiring an out-of-state defendant to avail itself purposefully of the

privilege of acting in the forum state protects the defendant from being subjected to

suit based solely on 'random, fortuitous, or attenuated contacts, or [because] of the

unilateral activity of another party or third person.'"  *Light Corp Inc v. GlobTek,*

*Inc.*, No. 1:19-CV-574, 2020 WL 12698018, at *5 (W.D. Mich. Aug. 28, 2020)

(alteration in original) (quoting *Burger King*, 471 U.S. at 475).  Instead, the

purposeful availment requirement is satisfied only by "something akin to a

deliberate undertaking to do or cause an act or thing to be done in Michigan or

conduct which can be properly regarded as a prime generating cause of the effects

resulting in Michigan, something more than a 'passive availment of Michigan opportunities.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 891 (6th Cir. 2002) (quoting *Khalaf v. Bankers & Shippers Ins. Co.*, 273 N.W.2d 811, 819 (1978)); *see also Hanson v. Denckla*, 357 U.S. 235, 251 (1958) ("[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws.") (citing *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319 (1945)).

**B.    Campbell Heights Pharmacy Has Not Purposefully Availed Itself of the Privilege to Do Business in the State of Michigan**

Plaintiffs are unable to make out prima facie allegations that Campbell Heights Pharmacy has purposefully availed itself of the privilege to do business in Michigan.  Plaintiffs' Complaint states that personal jurisdiction over Campbell Heights Pharmacy exists because it "conduct[s] business in this District." Complaint ¶ 12, ECF No. 1, PageID.4.  Plaintiffs, however, do not plead any facts to support this conclusory statement, alleging only that Campbell Heights Pharmacy "shipped . . . Canadian Xolair® medicine to patients or medical facilities in this District on at least three occasions over approximately the past year." *Id.* ¶ 23, ECF No. 1, PageID.6.  As explained below, however, this is plainly insufficient to establish the requisite minimum contacts to support the exercise of personal jurisdiction over Campbell Heights Pharmacy.

Campbell Heights Pharmacy is located outside of Vancouver, British Columbia.  What Plaintiffs call "conduct[ing] business in this District" is no more than filling requested orders to dispense Xolair medicine as a licensed pharmacy at its location in Canada, three of which were placed by Michigan residents through out-of-state intermediaries.  *Cf. Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 749 (E.D. Mich. 2000) (dismissing for lack of personal jurisdiction in copyright infringement case, finding no purposeful availment when non-resident defendant made sales on two occasions to the winners of eBay auctions who happened to be Michigan residents) (citing *LAK, Inc. v. Deer Creek Enterprises*, 885 F.2d 1293, 1301 (6th Cir. 1989)).

These non-forum sales, without more, are merely the sort of "random, fortuitous, or attenuated contacts," which the Supreme Court concluded in *Burger King*, 471 U.S. at 475, are insufficient to justify the exercise of personal jurisdiction.  *Cf. Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151–52 (6th Cir. 1997) (finding no purposeful availment by nonresident defendant with no employees or offices in Michigan where the contact between the defendant and the forum state was an isolated sales transaction, and "there was no 'reaching out'" by the defendant to the forum state plaintiff but, rather, an unsolicited sales call by the plaintiff to the defendant).  Simply put, "[a]n isolated sales transaction is not enough to establish contacts necessary for personal jurisdiction."  *K & B Cap.,*

11

*LLC v. RDK Truck Sales & Servs., Inc.*, No. CIV.A. 5:05CV-17-R, 2005 WL
1568176, at *2 (W.D. Ky. June 28, 2005) (finding the court lacked personal
jurisdiction over a nonresident defendant in a Kentucky lawsuit involving the
purchase of three trucks, where defendant had no minimum contacts with
Kentucky because, among other things, he "never left Florida," "did not solicit the
business" in Kentucky,  and "the trucks are being used in Kentucky but they are
personal property and capable of being moved to any state.").

      Plaintiffs have presented no facts in their Complaint to show that Campbell
Heights Pharmacy has *purposefully* availed itself of the privilege of doing business
in Michigan.  Campbell Heights Pharmacy did not engage in any conduct within
the State of Michigan.  *See* Sandhu Declaration ¶ 6.  It has no locations in
Michigan and no staff or contractors responsible for making sales in Michigan.
*See id.* ¶¶ 7-8.  It does not advertise in Michigan, market itself to Michigan
residents, or take any action directed at the Michigan market.  *See id.* ¶ 9.  It has no
ongoing business relationships with Michigan entities.  *See id.* ¶ 10; *see also
World-Wide Volkswagen*, 444 U.S. at 295 ("[W]e find in the record before us a
total absence of those affiliating circumstances that are a necessary predicate to
any exercise of state-court jurisdiction.  Petitioners carry on no activity whatsoever
in Oklahoma.  They close no sales and perform no services there.  They avail
themselves of none of the privileges and benefits of Oklahoma law.  They solicit

no business there either through salespersons or through advertising reasonably

calculated to reach the State."); *In re Impact Absorbent Techs., Inc.*, 106 F.3d 400

(Table), 1996 WL 765327, *3 (6th Cir. 1996) (unpublished opinion) (holding that

absent an "ongoing business relationship," an "isolated sale" in the forum state was

not sufficient to establish the required minimum contacts).

     The fact that some Michigan residents opted to purchase their prescribed

Xolair in Canada does not suffice to establish personal jurisdiction over the

Canadian pharmacy.  This is especially the case when the pharmacy's filling and

dispensing of the medicine—occurred in Canada.  And after doing so, the

pharmacy handed it over to a carrier for shipping.  The customer then imported the

medicine.  Campbell Heights Pharmacy's packing slip expressly included a Patient

Customs Statement stating: "I hereby acknowledge, confirm, and certify that I am

importing the enclosed medications to the US, solely for personal use and up to a

maximum of 3 months supply…"  *See* Sandhu Declaration ¶ 14 & Exhibits 1 and 2

to Sandhu Declaration.  The packing slip also made clear that the prescribing

physician, wherever a person lived, was responsible for the person's medical

treatment.  *See id.*

     It has long been the case that a nonresident defendant can purposefully act to

avoid creating contacts with a forum state and opt out of receiving the benefits and

protections of a forum's laws.  *See, e.g.*, *Stuart v. Spademan*, 772 F.2d 1185, 1193

(5th Cir. 1985) ("A nonresident may permissibly structure his primary conduct so as to avoid being haled into court in a particular state.") (*citing World-Wide Volkswagen Corp.*, 444 U.S. at 297).[3]  That is what happened here.

While the "physical entry into the [forum] State" by a defendant's "goods" is not irrelevant to the minimum contacts analysis, *Walden*, 571 U.S. at 285, "the shipment of articles to the forum state is insufficient to justify an exercise of in personam jurisdiction over the nonresident shipper." *Stuart*, 772 F.2d at 1193. In any event, the choice of where the orders should be sent was made exclusively by the customers, not Campbell Heights Pharmacy.[4]

---

[3] Courts have also regularly discussed the need to respect the due process rights of parties who purposefully engage in conduct outside of the forum in the context of assessing general jurisdiction.  *See, e.g.*, *Dalton v. R&W Marine, Inc.*, 897 F.2d 1359, 1362 (5th Cir. 1990) ("A corporation's 'obvious intent to exercise its due process rights' by deliberately executing its contracts outside of the forum state "should not be disregarded lightly.") (quoting *Bearry v. Beech Aircraft Corp.*, 818 F.2d 370, 376 (5th Cir. 1987); *see also Bearry*, 818 F.2d at 376 (finding no general jurisdiction where negotiations, completion of contract, and performance under contracts occurred in another state) ("Each transaction was completed outside of Texas.").  Similarly, courts have also found there was no personal jurisdiction when none of the terms of a contract was to be performed in a forum state.  "[T]he fact that a contract existed between the parties but in no way implicated action in the forum state was merely fortuitous."  *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir.  2012) (citing and discussing *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722–24 (6th Cir. 2000)).

[4] The determination of where the Xolair dispensed in Canada was to be delivered was the unilateral act of the person purchasing the medicine, which is not a permissible basis for establishing personal jurisdiction over Campbell Heights Pharmacy.  *See Walden*, 571 U.S. at 284 (personal jurisdiction must be based on "contacts that the 'defendant *himself*' creates with the forum State.") (emphasis in

The decisions by customers to purchase their medicine in Canada and then import it into Michigan is similar to the choice by the buyers in *World-Wide Volkswagen* to drive their car from the place of purchase in New York to Oklahoma.  Just as the Supreme Court concluded in that case that the necessary minimum contacts could not be created by the actions of the plaintiffs or third parties, *see World-Wide Volkswagen*, 444 U.S. at 295-98, so too here.  The mere fact that Campbell Heights Pharmacy was given a Michigan shipping address for these orders, which it provided to the common carrier, cannot plausibly mean that it would have "reasonably anticipate[d] being haled into court" in Michigan, especially when the customers accepted delivery of their orders in Canada and imported the prescriptions themselves, *see Walden*, 571 U.S. at 285-286

---

original).  The two patients referenced in the Complaint could have elected to ship the medicine to their homes but decided to send them to a doctor's office instead. The patient and doctor's clinic happened to be located in Michigan, but that person could have lived anywhere and also sent the medicine any number of places.  Take, for example, someone living in Niles, Michigan (on the Indiana border) whose doctor is located in nearby South Bend, Indiana or someone living in Erie, Michigan (on the Ohio border) whose doctor is located in nearby Toledo, Ohio. Under Plaintiffs' theory, whether personal jurisdiction is proper in Michigan or Indiana or Ohio would depend entirely on the customer's choice of whether to have the prescription sent to their Michigan home or their Indiana or Ohio's doctor's office, not on any decision or action by the pharmacy.  This is exactly why courts are so exacting that minimum contacts analysis must be based on "the defendant's suit-related conduct" and whether it creates "a substantial connection with the forum," *Walden*, 571 U.S. at 284-286, and not on any conduct beyond a defendant's control, like where a customer happens to direct the medicine be sent.

(explaining that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.").

The district court's decision in *Chittenden Trust Co. v. LaChance*, 464 F. Supp. 446, 447 (D. Vt. 1978), is instructive. In that case, an action was filed in Vermont federal court by the estate of a Mr. Quintal against the proprietor of a pharmacy in Quebec for negligence and other claims concerning the wrongful filling of a prescription. While Mr. Quintal was a resident of Vermont, he had been purchasing his prescriptions for at least three years from the defendant. Although the defendant did not advertise or solicit business in Vermont, he "knew [that Mr. Quintal] resided in Vermont, and that any prescriptions he or his servants, agents or employees filled for [Mr. Quintal] would be ingested in Vermont, and would thereby have a causative effect upon [Mr. Quintal] in Vermont." *Id.* at 447. Based on those facts, the court found no purposeful availment, concluding that "[t]here is no evidence that [the] defendant invoked the benefits and protections of the laws of this state or conducted any business within the state." *Id.* at 449. The same conclusion applies here with respect to Campbell Heights Pharmacy.

Accordingly, because Campbell Heights Pharmacy has not purposefully availed itself of the privilege to do business in Michigan, the Court lacks personal jurisdiction over Campbell Heights Pharmacy.

16

**C.      Exercising Jurisdiction Is Constitutionally Unreasonable**

Lastly, exercising personal jurisdiction over Campbell Heights Pharmacy would also offend "traditional notions of fair play and substantial justice" based on the well-established factors considered by courts.  *See International Shoe*, 326 U.S. at 316.  When conducting this analysis regarding constitutional reasonableness, courts evaluate the burden to the defendant, the forum state's interest in the dispute, and the plaintiff's interest in obtaining relief convenient and effective relief.  *See Beydoun*, 768 F.3d at 508-09 (citing *Asahi Metal Industry Co., Ltd. v. Superior Ct. of California, Solano Cnty.*, 480 U.S. 102, 113 (1987)); *see also Burger King*, 471 U.S. at 476-77 (citing *World-Wide Volkswagen*, 444 U.S. at 292).

Here, the significant burden on Campbell Heights Pharmacy to defend a case in Michigan weighs heavily against exercising jurisdiction, given that the single-location pharmacy is based in British Columbia, Canada.  "Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field."  *Beydoun*, 768 F.3d at 508-09 (quoting *Asahi*, 480 U.S. at 115); *see also Walden*, 571 U.S. at 290 n.9 ("[W]e reiterate that the 'minimum contacts' inquiry principally protects the liberty of the nonresident defendant, not the interests of the plaintiff") (citing *World-Wide Volkswagen*, 444 U.S. at 291-92).

17

Additionally, Michigan has little interest in this dispute.  A Michigan resident is not a plaintiff.  Rather, this is a business-to-business dispute entirely among out-of-state entities.  It is a Lanham Act case involving two defendants based in Missouri and Canada (Complaint ¶¶ 16-17, ECF No.1, PageID.5) and two plaintiffs with few ties to Michigan: the first, Novartis, is based in Switzerland and owns and sells Xolair in **both** the United States and in Canada, *see id.* ¶ 14 & ¶ 79, ECF No. 1, PageID.4 & PageID.28; and the second, Genentech, is a Delaware corporation with its principal place of business in California.  *See Id.* ¶ 15, ECF No. 1, PageID.4.  Moreover, there is not a single allegation about a specific Michigan consumer who was confused when they received Canadian Xolair instead of U.S. Xolair.  Rather, the limited mentions of Michigan in the Complaint relate to staff at a doctor's clinic in Michigan allegedly being "confused" when they received Canadian Xolair for two Michigan patients.  *See* Complaint ¶¶ 23-25, 85-97, ECF No. 1, PageID.6-7 & 29-32.  That is an especially attenuated connection to Michigan.  This too favors dismissal.

18

## V. CONCLUSION

For all of the foregoing reasons, the Court should grant Defendant Campbell Heights Pharmacy's Motion to Dismiss for Lack of Personal Jurisdiction.


Dated: March 3, 2026                    BROOKS WILKINS SHARKEY &
                                        TURCO PLLC


                                        By: */s/ Michael R. Turco*
                                            Michael R. Turco (P48705)
                                            Joshua Zeman (P80055)
                                            401 South Old Woodward, Suite 400
                                            Birmingham, Michigan 48009
                                            (248) 971-1713
                                            turco@bwst-law.com
                                            zeman@bwst-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2026, I electronically filed the foregoing

Document with the clerk of the court using the ECF system, which will send

Notification of the filing to all counsel of record.

## LOCAL RULE CERTIFICATION

I certify that this document complies with Local Rule 5.1(a), including:

double-spaced (except for quoted materials and footnotes); at least one-inch

margins on the top, sides, and bottom; consecutive page numbering; and type size

of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-

proportional fonts) or 14 point (for proportional fonts).  I also certify that it is the

appropriate length. Local Rule 7.1(d)(3).

Dated: March 3, 2026                    Respectfully Submitted,


                                        */s/ Michael R. Turco*
                                        Michael R. Turco
                                        Joshua Zeman
                                        Brooks Wilkins Sharkey & Turco PLLC
                                        401 South Old Woodward, Suite 400
                                        Birmingham, Michigan 48009
                                        (248) 971-1713
                                        turco@bwst-law.com
                                        zeman@bwst-law.com

                                        *Counsel for Defendant Campbell Heights
                                        Pharmacy Ltd.*