# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| NOVARTIS AG and GENENTECH, INC., <br><br> *Plaintiffs*, <br><br> v. <br><br> SHARx, LLC and CAMPBELL HEIGHTS PHARMACY LTD, <br><br> *Defendants*. | Case No. 4:26-cv-10371-SDK-CI <br><br> Hon. Shalina D. Kumar |

## DEFENDANT CAMPBELL HEIGHTS PHARMACY LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

In its Motion to Dismiss for Lack of Personal Jurisdiction and supporting sworn declaration, Campbell Heights Pharmacy Ltd. ("CHP") explained how it came to fill the three prescriptions of Xolair for Michigan residents alleged in the Complaint, and how in doing so it has not purposefully availed itself of conducting activities in Michigan. In a wide-ranging opposition, Plaintiffs address everything from product recall protocols to the ongoing nature of the doctor-patient relationship – everything, that is, except the relevant inquiry of how CHP supposedly "deliberately reached out beyond its home" and purposefully availed itself of Michigan. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021). Plaintiffs then request sprawling discovery on topics unrelated to personal jurisdiction. For the reasons below, the Court should dismiss the claims against CHP and deny the Plaintiffs' jurisdictional discovery motion.

## I. PLAINTIFFS DO NOT MEET THEIR BURDEN FOR ESTABLISHING PERSONAL JURISDICTION

Plaintiffs bear the burden to establish personal jurisdiction. "[I]n the face of a properly supported motion for dismissal, the plaintiff … must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Plaintiffs offer no affidavit and rely only on bare allegations in their Complaint, which fails to make a prima facie case. As CHP explained, it has no operations in, does not market itself to, and takes no action directed towards Michigan; rather, it filled the Xolair

1

prescriptions it received and handed the medication over to a common carrier in Canada for shipment to the addresses provided by the customers. *See* ECF No. 21, PageID.139-148. That's it. This is insufficient. A defendant cannot be "subjected to suit based solely on 'random, fortuitous, or attenuated contacts, or [because] of the unilateral activity of another party or third person.'" *Id.* at PageID.141.

While Plaintiffs point out the Xolair prescriptions filled in Canada were written by Michigan doctors and shipped there, they do not explain how these acts establish purposeful availment. Plaintiffs rely on *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002), and *In re Trade Partners, Inc. Investors Litig.*, 532 F.Supp.2d 904 (W.D. Mich. 2007), to suggest personal jurisdiction is proper because (i) CHP allegedly created "continuing obligations" to Michigan residents and (ii) "the absolute amount of business conducted by [CHP] in Michigan represents something more than 'random, fortuitous, or attenuated contacts' with the state." *See* ECF No. 26, PageID.192-193. Those cases involved deliberate, continuing, and forum-directed conduct not present here. *See Neogen*, 282 F.3d at 891 (discussing defendant's "intent to maintain 'continuing relationships and obligations' in Michigan" with "continuous and systematic" activities); *Trade Partners,* 282 F.3d at 891. Plaintiffs assert without explanation that "[t]he provision of medicine is an ongoing transaction between … a patient and their pharmacist," ECF No. 26, PageID.193-194, but that is untrue because the

2

relationship between CHP and a U.S.-based customer is completed when the pharmacy deposits an order with the common carrier for delivery to the address provided by the customer. *See* ECF No. 21, PageID.136-137.

Plaintiffs' only evidence about a supposed ongoing relationship is CHP's label listing Canadian contact information, instructions, and the availability of refills. *See* ECF No. 26, PageID.194. Such labels are required by provincial pharmacy regulations.[1] They do not demonstrate an ongoing relationship. By pointing to refills, Plaintiffs improperly attempt to use actions of third parties to establish purposeful availment. *Cf. Walden v. Fiore*, 571 U.S. 277, 284 (2014) (personal jurisdiction must be based on contacts the "defendant *himself*" creates with forum State); *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.*, 91 F.3d 790, 795–96 (6th Cir. 1996) (same). It is the **prescribing doctor**, not the dispensing pharmacy, who decides whether to include refills when writing a prescription. Filling a prescription written with refills does not create an ongoing relationship; the patient always decides whether to get a refill and must place a separate order for each refill. And it is the **patient**, not the pharmacy, deciding where to ship a refill, whether to Michigan or elsewhere (if, for instance, a patient moves).

---

[1] *See* College of Pharmacists of British Columbia, Health Professions Act Bylaws, Schedule F, pt. 1, § 9, *available at* https://library.bcpharmacists.org/6_Resources/6-1_Provincial_Legislation/5078-HPA_Bylaws_Community.pdf.

3

As CHP explained with cites to many supporting cases,[2] forum-state contacts are no more than "random, fortuitous, or attenuated" under *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985), where a defendant does not reach out or solicit business in a state, and where a customer's location is beyond the defendant's control. *See* ECF No. 21, PageID.143-145. Plaintiffs' attempt to distinguish some of these cases as involving "*plaintiff*-led outreach," *see* ECF No. 26, PageID.195, is unavailing. In the cited cases, there was no personal jurisdiction because the *customers'* actions created the contacts. *See Kerry Steel*, 106 F.3d at 151 ("It was Kerry Steel that initially contacted Paragon in Oklahoma—and Paragon responded without leaving home, as it were."); *Impact*, 1996 WL 765327 at *3 (sale not result of defendant's "active solicitation," but initiated by plaintiff).[3]

Plaintiffs rely on dicta from *Neogen* to argue that personal jurisdiction depends on "whether the absolute amount of business conducted by [the defendant]

---

[2] *See Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147 (6th Cir. 1997), *Winfield Collection, Ltd. v. McCauley*, 105 F. Supp. 2d 746, 749 (E.D. Mich. 2000), *K & B Cap., LC v. RDK Truck Sales & Servs., Inc.*, 2005 WL 1568176 (W.D. Ky. June 28, 2005), and *In re Impact Absorbent Technologies, Inc.* ("*Impact*"), 106 F.3d 400 (Table), 1996 WL 765327 (6th Cir. 1996).

[3] Plaintiffs cannot rely on the conduct of Michigan-based customers who are not even plaintiffs to show CHP's purposeful availment. *Cf. Walden*, 571 U.S. at 284 ("We have consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff *(or third parties)* and the forum State.") (emphasis added).

in Michigan represents something more than 'random, fortuitous, or attenuated contacts' with the state," ECF No. 26, PageID.192. But that statement does not mean personal jurisdiction is simply a quantitative issue. The Sixth Circuit has repeatedly held before and after *Neogen*, "[i]t is the quality of contacts, and not their number or status[.]" *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 671 (6th Cir. 2023); *see also MAG IAS Holdings v. Schmückle*, 854 F.3d 894, 901 (6th Cir. 2017) (gathering cases). The focus must be on a defendant's contacts with a state, not the percentage of overall business those contacts represent. *Neogen,* 282 F.3d at 891-92. CHP's contacts with Michigan are random, fortuitous, or attenuated.[4]

## II.   PLAINTIFFS SHOULD NOT BE ALLOWED TO ENGAGE IN A FISHING EXPEDITION UNDER THE GUISE OF JURISDICTIONAL DISCOVERY

The Court should deny the alternative "cross-motion" for jurisdictional discovery, as Plaintiffs have not "give[n] the district court 'a reasonable basis to expect that ... discovery would reveal' evidence that supports the claimed jurisdiction." *C.H. By & Through Shields v. U.S.*, 818 F. App'x 481, 484 (6th Cir. 2020); *see also Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997)

---

[4] Plaintiffs fail to distinguish *Chittenden Trust Co. v. LaChance*, 464 F. Supp. 446 (D. Vt. 1978), *see* ECF No. 26, PageID.196. Whether the Vermont resident obtained prescriptions from a Quebec doctor as opposed to a Vermont one had no bearing on whether the Canadian pharmacy had purposefully availed itself of Vermont by filling prescriptions it knew would be used there.

("Where a plaintiff wants to subject a distant defendant to discovery … to determine whether sufficient contacts support jurisdiction, it is reasonable for a court exercising its power under Rule 26(b)(2) to expect the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in that distant forum."); *Williams Int'l Co., LLC v. Zurich Am. Ins. Co.*, 2021 WL 1056844, at *2 (E.D. Mich. Mar. 19, 2021) (similar).

As noted above, though unclear, Plaintiffs' jurisdictional theory appears to rest on a notion that CHP's actions in Canada created continuing obligations on its part. Plaintiffs have not identified any facts germane to that issue that would be uncovered in discovery, nor explained how proposed discovery topics would reveal evidence supporting jurisdiction. Plaintiffs' proposed topics include (i) shipments of medications *other than* the Xolair at issue; (ii) shipments of medications to places *other than* Michigan; (iii) information about a *different* defendant and *another* pharmacy; (v) information about a *third-party* Canadian prescriber; (vi) information about a *third-party* common carrier; and (vii) communication with patients concerning their orders. *See* ECF No. 26, PageID.201-203. These overbroad topics have no plausible connection to jurisdiction. The issues here concern sales of one product (Xolair) to residents of one state (Michigan). Considering the constitutional requirement of a nexus between the cause of action and the defendants' contacts with the forum state, *see S. Mach. Co. v. Mohasco*

6

*Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968), Plaintiffs' proposed discovery is far afield of any jurisdictionally relevant facts.

The overbreadth of the proposed topics indicates that Plaintiffs are engaged more in a fishing expedition than an effort to uncover facts to establish personal jurisdiction. If Plaintiffs were sincerely seeking appropriate jurisdictional discovery, they would have limited the scope to topics about "the defendant's suit-related conduct" and whether it creates "a substantial connection with the forum State," *Walden*, 571 U.S. at 281 & 284. They did not. Instead, they seek something akin to full-blown merits discovery and, frankly, a transparent attempt to obtain information for other lawsuits involving other medications in other states. This is improper. *See, e.g.*, *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (plaintiff not "permitted to 'go fishing'"); *Visser v. Caribbean Cruise Lines, Inc.*, 2014 WL 12921353, at *11 (W.D. Mich. Apr. 4, 2014) (same).

Plaintiffs have not satisfied their prima facie case or shown that they are entitled to discovery, and the scope of their request isn't remotely reasonable.

Dated: April 7, 2026            Respectfully submitted,

                                        BROOKS WILKINS SHARKEY & TURCO PLLC

                                        By: /s Michael R. Turco
                                           Michael R. Turco (P48705)
                                           Joshua Zeman (P80055)
                                           401 South Old Woodward, Suite 400

Birmingham, Michigan 48009
(248) 971-1713
turco@bwst-law.com
zeman@bwst-law.com

MCNAMARA SMITH LLP

By: /s Thomas W. McNamara
Thomas W. McNamara (*Admitted*)
Logan D. Smith (*Admitted*)
655 West Broadway, Suite 900
San Diego, California 92101
(619) 269-0400
tmcnamara@mcnamarallp.com
lsmith@mcnamarallp.com

*Counsel for Defendant Campbell
Heights Pharmacy Ltd.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s Thomas W. McNamara
Thomas W. McNamara (*Admitted*)
McNamara Smith LLP
655 West Broadway, Suite 900
San Diego, California 92101
(619) 269-0400
tmcnamara@mcnamarallp.com

*Counsel for Defendant Campbell Heights Pharmacy Ltd.*

1